IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DAVID C. LETTIERI,

        Plaintiff,

  v.

TD BANK,

        Defendant.

Civil No. 24-832 (RMB/SAK)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge**

THIS MATTER comes before the Court upon *pro se* Plaintiff David C. Lettieri's Amended Complaint, [Docket No. 4 ("**Am. Compl.**")], which requires the Court to conduct a screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth, Plaintiff's Amended Complaint is **DISMISSED IN PART** while one claim **PROCEEDS** past screening.

I.     PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed his initial Complaint and application to proceed *in forma pauperis* ("IFP") on February 13, 2024. [Docket No. 1.] In an Order on May 14, 2024, the Court granted Plaintiff's IFP application but dismissed his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim. [Docket No. 3.] The Court granted Plaintiff leave to file an amended complaint, [*id.*], which he did on May 29, 2024.

1

Plaintiff, who resides in New York, brings claims that arise out of a failed attempt to obtain funds from a bank account allegedly belonging to his deceased grandfather. Plaintiff alleges that after his grandfather passed away in 2017, he went to a TD Bank to try to recover the funds. [Am. Compl. 6.] Plaintiff does not specify the location of the bank branch he visited. Elsewhere in his Amended Complaint, however, he lists TD Bank as located in Cherry Hill, New Jersey, and incorporated under New Jersey law. [*Id*. at 2–3.] At the bank branch, Plaintiff presented his driver's license and his grandfather's death certificate, but a bank employee refused to give Plaintiff money from the account because Plaintiff's father also needed to be present. [*Id*. at 6.] Plaintiff states that he and his father were not on speaking terms, so Plaintiff took no further action at that time. [*Id*.] In 2023, Plaintiff learned that TD Bank had placed his grandfather's funds in "unclaimed funds," which Plaintiff states "would only make sense if the[] Plaintiff wasn't pursuing" them. [*Id*.] Plaintiff states he is both a beneficiary of the bank account and the executor of his grandfather's estate. [*Id*.] He states that other banks he approached—presumably to recover his grandfather's assets in other accounts—"didn't have a problem." [*Id*.]

Plaintiff alleges that through these actions, TD Bank breached its duty of care; breached its fiduciary duties; committed breach of contract; and violated two New York banking laws, N.Y. Banking Law §§ 660 and 673 (McKinney 2024). [*Id*. at 4, 6.] Plaintiff seeks as relief "$80,000 in damages." [*Id*. at 4.]

2

## II.     LEGAL STANDARD

### A.     IFP Screening Standard

District courts must review a complaint brought by a plaintiff proceeding *in forma pauperis* and *sua sponte* dismiss any action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Whether a complaint should be dismissed under § 1915 because it fails to state a claim is assessed under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Rhodes v. Maryland Judiciary*, 546 F. App'x 91, 93 (3d Cir. 2013).

When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*

(quoting *Iqbal*, 556 U.S. at 679). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id*. at 131 (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id*. at 130 (quoting *Iqbal*, 556 U.S. at 679).

### B.   IFP Screening Standard

Generally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). For example, district courts should be "willing to apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim, and "they must abide by the same rules that apply to all other litigants." *Id*. at 245.

### III.   ANALYSIS

The Court will examine each of Plaintiff's claims in turn, finding that none of them survives the IFP screening stage. However, even though the Amended Complaint has failed to name it, *see id*. at 244, the Court construes the Amended Complaint as bringing a claim for conversion, which will proceed past screening.

### A.     Breach of Duty of Care

Plaintiff's first claim is that TD Bank breached its duty of care. The best the Court can discern, this allegation relates either to Defendant declining to give Plaintiff money from the account in 2017 or to Defendant designating the funds as "unclaimed" sometime thereafter. Typically, that a defendant owes a plaintiff a duty of care is the first element a plaintiff must show to make out a claim for negligence. Accordingly, the Court construes Plaintiff's first claim as asserting a negligence cause of action.

Plaintiff fails to plead the required elements for negligence. In New Jersey, a plaintiff asserting negligence must establish "(1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." *Jersey Cent. Power & Light Co. v. Melcar Util. Co.*, 59 A.3d 561, 571 (N.J. 2013). Here, the Amended Complaint does not specify the duty of care that was allegedly breached, and the Court cannot identify one on its own. That TD Bank required Plaintiff's father to be present to disburse the money, or that they designated the funds as unclaimed, does not plausibly establish that Defendant owed Plaintiff a duty of care that it subsequently breached. Accordingly, Plaintiff's first claim that Defendant breached its duty of care is dismissed.

### B.     Breach of Fiduciary Duty

Second, Plaintiff alleges that Defendant breached its fiduciary duties to him. To establish a cause of action for a breach of fiduciary duty, a plaintiff must show that "(1) the defendant had a duty to the plaintiff, (2) the duty was breached, (3) injury to plaintiff occurred as a result of the breach, and (4) the defendant caused that injury."

5

*Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 759 (D.N.J. 2013) (citations omitted). Importantly, a claim for breach of fiduciary duty is subject to a six-year statute of limitations, meaning the claim must be asserted within six years after its accrual. N.J. Stat. Ann. § 2A:14-1; *see also Acquaviva v. Est. of DiMisa*, 2012 WL 4935276, at *5 (N.J. Super. Ct. App. Div. Oct. 18, 2012). "The limitations period begins to run when the claimant possesses actual or constructive knowledge of that state of facts which may equate in law with a cause of action." *Acquaviva*, 2012 WL 4935276, at *5 (cleaned up and citations omitted).

Plaintiff's claim that Defendant breached its fiduciary duties is time-barred. Assuming for the sake of argument that Defendant's denial of the funds to Plaintiff in 2017 constituted a breach of fiduciary duties, Plaintiff waited more than six years—until February 13, 2024—to assert that claim. Therefore, it is barred by the statute of limitations. Meanwhile, that Plaintiff discovered in 2023 that the funds were designated as unclaimed is not factual basis enough to plausibly establish that Defendant owed him a duty that it then breached or that Defendant suffered an injury because of the alleged breach. Therefore, Plaintiff's second claim that Defendant breached its fiduciary duties is dismissed.

### C. Breach of Contract

Plaintiff's breach of contract claim also fails. To prevail on a claim for breach of contract, a plaintiff must prove four elements:

> first, that the parties entered into a contract containing certain terms; second, that plaintiffs did what the contract required them to do; third, that defendants did not do what the contract required them to do, defined

6

> as a breach of the contract; and fourth, that defendants' breach, or failure to do what the contract required, caused a loss to the plaintiffs.

*Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016) (cleaned up) (citing *Model Jury Charge (Civil)* § 4.10A (May 1998)). Here, because Plaintiff does not allege that a contract existed between him and Defendant, his breach of contract claim must fail. This claim, too, is dismissed.

### D. New York Banking Law §§ 660 and 673

Finally, Plaintiff's two claims that Defendant violated New York banking laws do not survive screening because he has not sufficiently alleged that the TD Bank branch he visited was in New York or otherwise subject to New York law. The only address Plaintiff lists for Defendant in the Amended Complaint is Cherry Hill, New Jersey. Therefore, Plaintiff's claims that Defendant violated N.Y. Banking Law §§ 660 and 673 are dismissed.

### E. Conversion

Cognizant of its obligation when interpreting the filings of *pro se* plaintiffs "to apply the relevant legal principle even when the complaint has failed to name it," *Mala*, 704 F.3d at 244, the Court finds that Plaintiff does make out a claim for conversion. The required elements of common law conversion are "(1) the existence of property, (2) the right to immediate possession thereof belonging to [the] plaintiff, and (3) the wrongful interference with that right by [the] defendant." *Austar Int'l Ltd. v. AustarPharma LLC*, 425 F. Supp. 3d 336, 357 (D.N.J. 2019) (quoting *Capital Health Sys. v. Veznedaroglu*, No. 15-8288, 2017 WL 751855, at *10 (D.N.J. Feb. 27, 2017)). Like a

claim for breach of fiduciary duties, a claim for conversion of personal property is subject to a six-year statute of limitations. N.J. Stat. Ann. § 2A:14-1; *see also Dynasty Bldg. Corp. v. Ackerman*, 870 A.2d 629, 630 (N.J. Super. Ct. App. Div. 2005). However, "a conversion would not occur until there was an unauthorized act of dominion over the property to the exclusion of the other person's rights." *Dynasty Bldg. Corp.*, 870 A.2d at 633. Here, Plaintiff's allegation that Defendant moved property of which he was entitled to immediate possession to "unclaimed funds" meets the elements of conversion. Further, although Plaintiff does not specify when Defendant allegedly moved the funds, the timeline of his Amended Complaint plausibly establishes that this occurred within six years of his filing of the Amended Complaint. In any case, Plaintiff did not learn of the alleged conversion until 2023, which is when the limitations period would begin to run. *See Acquaviva*, 2012 WL 4935276, at *5. Therefore, the Court will allow a claim for conversion to proceed past the screening stage.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's claims that Defendant breached its duty of care; breached its fiduciary duties; committed breach of contract; and violated N.Y. Banking Law §§ 660 and 673 are **DISMISSED without prejudice**.

However, what the Court construes as Plaintiff's claim for conversion shall **PROCEED** past screening.

| | |
|---|---|
| **June 21, 2024** | **s/Renée Marie Bumb** |
| Date | RENÉE MARIE BUMB |
| | Chief United States District Judge |

9