[Docket Nos. 21, 29, 32]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| DAVID C. LETTIERI,<br><br>    Plaintiff,<br><br>  v.<br><br>TD BANK,<br><br>    Defendant. | Civil No. 24-832<br>(RMB/SAK)<br><br>**MEMORANDUM OPINION<br>& ORDER** |

**THIS MATTER** comes before the Court upon the Motion to Dismiss by Defendant TD Bank [Docket No. 21], as well as the Motion for Summary Judgment [Docket No. 29] and Motion to Amend [Docket No. 32] by Plaintiff David C. Lettieri.

Plaintiff filed his initial Complaint and application to proceed *in forma pauperis* ("IFP") on February 13, 2024 [Docket No. 1]. The Court granted Plaintiff's IFP application but dismissed his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim and granted leave to amend [Docket No. 3]. Plaintiff filed an amended complaint on May 29, 2024. [Am. Compl. (Docket No. 4).] Upon screening, this Court dismissed without prejudice Plaintiff's claims alleging a breach of the duty of care, a breach of fiduciary duties, a breach of contract, and violations of N.Y. Banking Law §§ 600 and 673. [Screening Op. at 5–7 (Docket No. 6).] Only Plaintiff's conversion claim proceeded past screening. [*Id.* at 7–8.]

Plaintiff, who is currently incarcerated, claims that TD Bank unlawfully refused to turn over funds from a bank account that allegedly belonged to his deceased grandfather. [Am. Compl. at 6.] Plaintiff alleges that he is both a beneficiary of the bank account and the executor of his grandfather's estate. [*Id.*] Thereafter, TD Bank – again, allegedly unlawfully – placed his grandfather's funds in "unclaimed funds" with the Office of the State Comptroller for the State of New York (the "Comptroller"). [*Id.*] After liberally construing Plaintiff's *pro se* allegations, the Court found that Plaintiff adequately alleged the elements of a common law conversion claim, namely "(1) the existence of property, (2) the right to immediate possession thereof belonging to [the] plaintiff, and (3) the wrongful interference with that right by [the] defendant." *Austar Int'l Ltd. v. AustarPharma LLC*, 425 F. Supp. 3d 336, 357 (D.N.J. 2019) (quoting *Capital Health Sys. v. Veznedaroglu*, No. 15-8288, 2017 WL 751855, at *10 (D.N.J. Feb. 27, 2017)). [Screening Op. at 7.]

Defendant first requests that this Court revoke Plaintiff's IFP status and require Plaintiff to pay the filing fee because he has incurred more than three strikes, as defined by the Prisoner Litigation Reform Act of 1995 ("PLRA"). [Def.'s Br. at 5–8 (Docket No. 21-1).] The PLRA prohibits a prisoner from bringing a civil action *in forma pauperis* pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "The only

exception to [Section 1915(g)] is if the plaintiff is 'under imminent danger of serious physical injury.'" *Talley v. Pillai*, 116 F.4th 200, 205 (3d Cir. 2024) (quoting 28 U.S.C. §1915(g)).

A dismissal qualifies as a "strike" only if "'the entire action or appeal' [was] dismissed on one of the three enumerated § 1915(g) grounds." *Id.* (quoting *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013)). "[A] 'mixed dismissal'—where some claims were dismissed on enumerated grounds but the remaining claims were dismissed on other grounds—does not count as a strike." *Id.* (citing *Talley v. Wetzel*, 15 F.4th 275, 280 (3d Cir. 2021)).

Defendant identifies three actions filed by Plaintiff in the District Court for the Western District of New York that it represents were dismissed on enumerated grounds and qualify as strikes against Plaintiff for purposes of Section 1915(g). [Def.'s Br. at 6–7.] Plaintiff contests the timing and bases for these dismissals and contends that they do not count as strikes against him. [Pl.'s Opp'n at 3–7 (Docket No. 22).] The information presented by Defendant is concerning and strongly suggests that Plaintiff's IFP status was improperly obtained. At this stage, however, the Court does not have sufficient information as to whether these dismissals qualify as strikes. Defendant has not identified if Plaintiff was incarcerated at the time the cases were filed, as required by statute, or whether all dismissals were entirely based on the enumerated Section 1915(g) grounds.

Additionally, prisoners who are granted IFP status are "required to make monthly payments of 20 percent of the preceding month's income credited to the

3

prisoner's account" until the filing fee has been paid. 28 U.S.C.A. § 1915(b). Plaintiff was granted IFP status in May 2024, roughly eighteen months ago. It is unclear how much of the filing fee he has paid thus far. It is possible that Plaintiff has since paid the entirety of the filing fee, rendering Defendant's three-strikes argument moot. Accordingly, Defendant's Motion will be denied on this ground without prejudice. Defendant may renew this argument in connection with its future summary judgment motion as described below.

  Defendant has also moved to dismiss Plaintiff's conversion claim on several grounds. In general, Defendant contends that Plaintiff cannot proceed with his claim because TD Bank properly turned over the disputed funds to the Comptroller and that Plaintiff has in fact already received the funds directly from the Comptroller. To establish these defenses, TD Bank has submitted several exhibits, including a letter from the Comptroller to Plaintiff, a hold harmless form purportedly signed by Plaintiff, and a letter from TD Bank to Plaintiff, his father, and his grandfather. [*See generally* Defs.' Reply Exhibits (Docket No. 25-1).] TD Bank has also submitted a certification from counsel attaching her private correspondence with an individual employed by New York State and other documents. [*See generally* Harris Cert. and Exhibits (Docket No. 27-1).] Plaintiff appears to contest the veracity and import of these materials. [*See, e.g.*, Pls.' Ltr. (Docket No. 26).]

  In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record."

*Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).[1] But when "matters outside of the pleadings" are presented to and are not excluded by the court on a Rule 12(b)(6) motion, the court must instead convert the motion into one for summary judgment under Federal Rule of Civil Procedure 56, after giving proper notice to the parties. FED. R. CIV. P. 12(d); *In re Rockefeller Ctr. Prop., Inc. Secs. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Notice must be "unambiguous" and "fairly apprise" the parties of the court's intention to convert the motion. *Rockefeller*, 184 F.3d at 288.

The Court finds that the bulk of Defendant's exhibits constitute "materials outside of the pleadings" that it must consider to adequately and properly address all the defenses raised in TD Bank's motion and to resolve the parties' dispute efficiently and expeditiously. But it cannot do so without converting TD Bank's Motion to Dismiss to one for summary judgment under Rule 56, pursuant to Rule 12(d). The Court hereby provides notice to the parties that it will convert TD Bank's Motion to Dismiss into a motion for summary judgment following limited discovery. *Hyldahl v. Denlinger*, 661 F. App'x 167, 172 (3d Cir. 2016) ("The decision to convert a motion to

---

[1] "Matters outside of the pleadings" do not include, however, documents "integral to or explicitly relied upon in the complaint." *Rockefeller*, 184 F.3d at 287 (citations omitted). That includes "any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Mator v. Wesco Distrib. Inc.*, 102 F.4th 172, 178 (3d Cir. 2024) (quoting *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.7 (3d Cir. 2016)). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit*, 998 F.2d at 1196.

dismiss to a motion for summary judgment is generally committed to the district court's discretion.") (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 n.11 (3d Cir. 1992)). At the close of this limited discovery, TD Bank may resubmit its motion as one for summary judgment and both parties will be permitted to supplement the record as appropriate.

Plaintiff has also filed a Motion for Summary Judgment, which Defendant has opposed. Plaintiff contends that summary judgment in his favor is appropriate because the "issue aren't disputed." [Pls.' Br. at 1 (Docket No. 29).] But Plaintiff's arguments, at this stage, are supported by nothing more than his unverified allegations. He has submitted no *evidence* to the Court to support those allegations. Discovery has not even commenced in this litigation. But, "[a]s noted by the Third Circuit, 'by its very nature, the summary judgment process presupposes the existence of an adequate record.' . . . Furthermore, when 'discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion.'" *Freedom Mortg. Corp. v. Loancare, LLC*, 2018 WL 11458881, at *1 (D.N.J. Oct. 30, 2018) (quoting *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007)). "[I]t is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'" *Abington*, 480 F.3d at 257 (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988)). Accordingly,

Plaintiff's Motion for Summary Judgment will be denied as premature and unsupported.[2]

Finally, Plaintiff has filed a Motion to Amend his pleadings, to which Defendant has not yet had an opportunity to respond. The Court, however, finds that the issues raised in the Motion to Amend may be impacted by the Court's rulings on Defendant's forthcoming converted motion for summary judgment. Therefore, in the interests of judicial efficiency and conserving judicial resources, the Court exercises its "inherent authority to manage [its] docket . . . with a view toward the efficient and expedient resolution of its cases," *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016), and administratively terminates Plaintiff's Motion to Amend pending the resolution of Defendant's forthcoming motion for summary judgment and further Order of the Court. The parties are advised that this is not a ruling on the merits or otherwise. *See Martinez v. Diversified Consultants, Inc.*, 2019 WL 13396460, at *2 (D.N.J. July 10, 2019); *see also Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (administrative termination is "a practical tool used by courts" to effectively manage their dockets).

---

[2] Plaintiff's Motion for Summary Judgment is also woefully noncompliant with District of New Jersey Local Civil Rule 56.1(a), which dictates that motions for summary judgment "unaccompanied by a statement of materials facts not in dispute shall be dismissed." Plaintiff's *pro se* status does not excuse him from compliance with this Court's "procedural rules or the consequences of failing to comply with them." *Jones v. Sec'y Pennsylvania Dep't of Corr.*, 589 F. App'x 591, 593 (3d Cir. 2014) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). For this reason, too, Plaintiff's Motion for Summary Judgment will be denied.

**ACCORDINGLY, IT IS HEREBY**, on this **24th** day of **November 2025**,

**ORDERED** that Defendant's Motion to Dismiss [Docket No. 21] is **DENIED** without prejudice, in part; and it is further

**ORDERED** that Defendant's Motion to Dismiss [Docket No. 21] is **CONVERTED** to a Motion for Summary Judgment consistent with this Court's Memorandum Opinion & Order; and it is further

**ORDERED** that the parties shall engage in **LIMITED DISCOVERY**, on an expedited schedule to be set by United States Magistrate Judge Sharon A. King, regarding the issues raised in Defendant's Motion to Dismiss; and it is further

**ORDERED** that, upon completion of this discovery, Defendant may resubmit its Motion as one for Summary Judgment; and it is further

**ORDERED** that Plaintiff's Motion for Summary Judgment [Docket No. 29] is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff's Motion to Amend [Docket No. 32] is **ADMINISTRATIVELY TERMINATED** pending further Order of the Court; and it is finally

**ORDERED** that the Clerk of the Court shall **MAIL** a copy of this Memorandum Opinion & Order to Plaintiff by regular U.S. mail and **NOTE** the completion of same on the docket.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge
